AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Louisiana

| | |
|---|---|
| United States of America<br>v.<br><br>Lloyd Ellis Curry, a/k/a "Slugger"<br>*Defendant(s)* | )<br>)<br>) Case No. 10-37 MAG<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **September 7, 14, and 28, 2009** in the parish of **Orleans** in the **Eastern** District of **Louisiana**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C 841 (a)(1) and 841 (b)(1)(C) | distribute and possess with the intent to distribute a quantity of heroin, a Schedule II controlled drug substance, |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent, Christopher DiMenna, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **April 8, 2010**

_____
*Judge's signature*

Honorable Louis Moore, Jr.   U.S. Magistrate Judge
*Printed name and title*

City and state:   New Orleans, Louisiana

## AFFIDAVIT

I, Christopher DiMenna, being duly sworn, do hereby depose and state:

1. That I am a Special Agent with the Department of Justice, Federal Bureau of Investigations (FBI), and have been so employed since May, 2002. For the past eleven (11) months, I have been assigned to the FBI New Orleans Violent Crime Task Force (NOVCTF).

2. I am personally familiar with the facts and circumstances surrounding this investigation from my own investigative activities, from information provided by confidential informants, and from information obtained from other law enforcement officers with personal knowledge of the facts. The following information was obtained by me personally or has been provided to me by confidential human informants and/or Agents or Task Force Officers assigned to the FBI New Orleans Violent Crime Task Force (NOVCTF).

3. This affidavit is submitted for the limited purpose of securing a criminal complaint; therefore, I am not setting forth each and every fact known to me concerning this investigation. I am including what I believe are facts sufficient to establish probable cause for the complaint sought.

1

4.     As set forth below, I am conducting an investigation of the Unlawful Distribution of a Controlled Substance, to wit Heroin, in violation of 21 U.S.C. 841(a)(1) by LLOYD ELLIS CURRY, b/m, date of birth 07/18/1980, social security number 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, a/k/a SLUGGER.

5.     In the summer of 2009, affiant began operating a confidential informant (CI). Affiant believes CI to be credible and a reliable individual because information furnished directly to your affiant by CI has proven to be true, accurate, and reliable. Your affiant would further state that he has never found the information furnished by CI to be unreliable or inaccurate. Your affiant has also verified CI's information through independent investigation and corroborated the information through other informants and investigative efforts.

6.     During a debriefing, CI informed affiant that an individual known to CI as "SLUGGER" (later identified as LLOYD ELLIS CURRY, b/m, date of birth 07/18/1980, social security number 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) was a heroin distributor in the lower 9th Ward, and New Orleans East, areas of the City of New Orleans.

9.     Sometime during the week of September 7, 2009, CI purchased 1.2 grams of purported heroin from LLOYD ELLIS CURRY, a/k/a SLUGGER, in exchange for $200.00 United States currency.

10. A field test performed by the NOVCTF revealed the item purchased by CI during the week of September 7, 2009 was positive for heroin.

11. CI was outfitted with a recording device to consensually capture conversations during this purchase. However said recorder appears to have malfunctioned, and no recording was made. CI stated CURRY sold the gram of heroin to CI, while both CI and CURRY were seated in CURRY's automobile.

12. CI's meeting with CURRY in the vehicle described by CI was corroborated by NOVCTF members performing surveillance.

13. Sometime during the week of September 14, 2009, CI purchased 3.36 grams of Heroin from LLOYD ELLIS CURRY, a/k/a SLUGGER in exchange for $500.00 United States Currency.

14. The heroin transaction between CI and CURRY that occurred during the week September 14, 2009 was captured via consensual recording.

15. A field test performed by the NOVCTF revealed the items purchased by CI during the week of September 14, 2009 were positive for heroin.

3

16. Sometime during the week of September 28, 2009, CI purchased 2.36 grams of heroin from LLOYD ELLIS CURRY, a/k/a SLUGGER in exchange for $400.00 United States Currency. The transaction occurred within an apartment located in, Slidell, Louisiana.

17. A field test performed by the NOVCTF revealed the items purchased by CI during the week of September 28, 2009 were positive for heroin.

18. The transaction which occurred sometime during the week of September 28, 2009 between CI and CURRY was captured via consensual recording.

19. CI also reported CI had in the past retrieved drugs from CURRY's car, at CURRY's request, and given the drugs to others.

20. On 12/21/2009, an individual whose identity is known to the FBI (Individual #1) stated, in substance, the Individual #1 knew LLOYD ELLIS CURRY, a/k/a SLUGGER) for approximately seven months, their relationship ended in late 2009.

21. Individual #1 knows CURRY is a drug dealer, and that he specifically deals heroin.

22. CURRY sold heroin every time Individual #1 and CURRY went out together, although he would not do it directly in Individual #1's presence. Whether at the movies, or at a restaurant, CURRY would receive a phone call and go outside to meet his contact and make the deal. CURRY was never known to deal directly out of his car, he would always get out and walk somewhere to do the transaction. These transactions often occurred in Slidell, Louisiana, or Metairie, Louisiana.

23. Based upon the above, there is probable cause to believe that, LLOYD ELLIS CURRY, b/m, date of birth 07/18/1980, engaged in the Unlawful Distribution of a Controlled Substance, to wit Heroin, in violation of Title 21 United States Code Section 841(a)(1).

_____
Christopher DiMenna
Special Agent, Federal Bureau of Investigation

Sworn to and subscribed before me this 8th day of April, 2010, at New Orleans, Louisiana.

_____
HONORABLE LOUIS MOORE, JR.
United States Magistrate Judge

5